# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

EMPLOYERS MUTUAL CASUALTY CO.,

    Plaintiff,

             v.

SHIVAM TRADING, INC.; SIDHI
INVESTMENT CORP.; & VICKI
THRIFT;

    Defendants.

No. 5:16-CV-58

**ORDER**

    Taking a cue from The Who, the parties in this insurance declaratory-judgment dispute seek the answer to a simple question: "Who are 'you'?" See The Who, *Who Are You*, on Who Are You (MCA Records 1978). In the policy at issue ("the Policy"), that pronoun clearly does *not* refer to additional insureds, nor does the Policy extend coverage to all liability relating to the named insured's premises. Nor can the Policy's unambiguous meaning be undercut by estoppel. For these reasons, as explained more fully below, the summary judgment motion brought by Defendant Vicki Thrift, dkt. no. 30, will be **DENIED**, while that of Plaintiff Employers Mutual Casualty Co. ("EMC"), dkt. no. 36, will be **GRANTED**.

**Background**

Thrift claims to have slipped and fallen at a convenience store whose landlord is Sidhi Investment Corp. ("Sidhi") and whose operator is Shivam Trading Co. ("Shivam"). Dkt. No. 30-1 ¶¶ 6, 18.[1] Sidhi was held not liable by the Georgia Court of Appeals. Sidhi Inv. Corp. v. Thrift, 785 S.E.2d 552 (Ga. Ct. App. 2016), reconsideration den'd Apr. 5, 2016. Thrift's claim against Shivam is still making its way through the Georgia courts. Dkt. No. 36-3 ¶ 26.

Sidhi is the named insured on an EMC insurance policy ("the Policy") covering the convenience store. Dkt. No. 1-1 at 17. Shivam is an additional insured. Id. at 6. The Policy has three provisions relevant here. The first is the preamble, which says that throughout the Policy, "'you' and 'your' refer to the Named Insured shown in the Declarations." Id. at 36. Then, there are two provisions relating to coverage. One is entitled, "Who Is An Insured." Dkt. No. 1-2 at 37. It begins, "If you are designated in the Declarations as," then explains what entities and individuals are covered based on what sort of entity is designated. Id. For example, if a trust is designated, both the trust and its trustees, "with respect to their duties," are insureds. Id. at 38.

Lastly, there is an endorsement for additional insureds:

---

[1] Those parties are not litigating the motions currently before the Court.

> Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by _your_ acts or omissions or the acts or omissions of those acting on _your_ behalf in the performance of _your_ ongoing operations or in connection with _your_ premises owned by or rented to _you_.

Dkt. No. 1-5 at 2 (emphases added).

EMC seeks declaratory judgment "as to whether the policy provides or excludes coverage for Vicki Thrift's claims." Dkt. No. 1 ¶ 19. Thrift moved for summary judgment on March 17, 2017. Dkt. No. 30. In addition to arguing from the Policy's language, she relied on certain statements made contemporaneously by an insurance agent, Richard Herschel Lovett. Thrift's motion met a dueling one from EMC. Dkt. No. 36. The motions are fully briefed and ripe for disposition. Dkt. Nos. 41-44, 46, 48, 51.

### LEGAL STANDARD

Summary judgment is due if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Cross motions for summary judgment do not change the standard," but one's being denied does not always imply that the other should be granted. White Springs Agric. Chem., Inc. v. Gaffin Indus. Serv., Inc., No. 3:11-CV-998, 2014 WL 905577, at *6 (M.D. Fla. Mar. 7, 2014) (citation omitted).

AO 72A
(Rev. 8/82)

The party claiming insurance coverage exists "ha[s] the burden of proving [this] under the terms of the policy." Chix v. Ga. Farm Bureau Ins. Co., 258 S.E.2d 208, 209 (Ga. Ct. App. 1979). Insurance is contractual, contract construction "is a question of law for the court," and it "is particularly well suited for disposition by summary judgment" unless there is an ambiguity. O.C.G.A. § 13-2-1; Allstate Ins. Co. v. Harkleroad, No. 409CV011, 2010 WL 2076941, at *3 (S.D. Ga. May 24, 2010); Tucker Maters. (Ga.), Inc. v. Devito Contracting & Supply, Inc., 535 S.E.2d 858, 859 (Ga. Ct. App. 2000). There is no ambiguity "unless and until an application of the pertinent rules of construction" leaves lingering uncertainty. Auto-Owners Ins. Co. v. Barnes, 373 S.E.2d 217, 219 (Ga. Ct. App. 1988). "[I]t is the understanding of the average policyholder which is to be accepted as a court's guide to the meaning of words," with "ambiguities and uncertainties . . . resolved against the insurance company." Fidelity Nat'l Title Ins. Co. v. Keyingham Inv., LLC, 702 S.E.2d 851, 853 (Ga. 2010) (citations omitted). But "the rule of liberal construction . . . cannot be used to create an ambiguity where none, in fact, exists." State Farm Mut. Auto. Ins. Co. v. Staton, 685 S.E.2d 263, 266 (Ga. 2009).

**DISCUSSION**

EMC's motion for summary judgment will be granted, while Thrift's will be denied. The Policy unambiguously only covers wrongdoing by Sidhi as the named insured, not Shivam as an additional insured, and it does not extend coverage to all liability relating to Sidhi's premises. The unambiguously limited Policy cannot be expanded through estoppel.

**I. THE POLICY UNAMBIGUOUSLY ONLY COVERS SIDHI'S WRONGDOING.**

The Policy unambiguously only covers wrongdoing by Sidhi, not by Shivam. Its "you's" and "your's" signify Sidhi alone, and the additional-insureds endorsement does not extend coverage over all liability related to Sidhi's premises.

**A. "You" and "Your" Refer Only to Sidhi.**

"You" and "your" in the Policy unambiguously refer to Sidhi alone. According to the Policy's preamble, "'you' and 'your' refer to the Named Insured," which is Sidhi. Dkt. No. 1-1 at 36. Thrift does not identify any point at which the Policy uses either word otherwise. "Who Is An Insured" does use "you" to identify who fits under coverage for individuals, organizations, and trusts. Dkt. No. 1-2 at 37-38. But the additional-insureds endorsement swaps out "you" in favor of "[a]ny person(s) or organization(s) shown in the Schedule."[2]

---

[2] The endorsement specifically says such an entity "is . . . an additional insured," in a distinct, added subsection to "Who Is An Insured." Dkt. No. 1-5 at 2. This defeats Thrift's argument that "you" and "your" as

5

Id. at 37 (emphasis added); Dkt. No. 1-5 at 2. Thus, "Who Is An Insured," like the rest of the Policy, only uses "you" to refer to the named insured.

The Court must read "you" and "your" in the additional-insured endorsement the same way. See Ga. Farm Bureau Mut. Ins. Co. v. Wilkerson, 549 S.E.2d 740, 742 (Ga. Ct. App. 2001) ("The policy states that 'you' refers to the 'named insured' on the declaration page. . . . One simply need look at the declaration page to see who is listed as the named insured."). Shivam, then, is only covered for "[Sidhi's] acts or omissions or the acts or omissions of those acting on [Sidhi's] behalf in the performance of [Sidhi's] ongoing operations or in connection with [Sidhi's] premises owned by or rented to [Sidhi]." Dkt. No. 1-5 at 2. None of these conditions holds, so there is no Policy coverage. See Sidhi Inv. Corp. v. Thrift, 785 S.E.2d 552 (Ga. Ct. App. 2016), reconsideration den'd Apr. 5, 2016.

Thrift claims that "'you' and 'your' are at least ambiguous as to whether they are referring to Shivam [ ] or just to Sidhi [ ] or to both Sidhi [ ] and Shivam [ ]." Dkt. No. 30-1 ¶ 28. This is not so, per logic, precedent, and academic commentary. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Liberty Mut. Ins. Co., 234 F. App'x 190, 192-94 & n.2

---

used in *other* subsections must be read to include additional insureds for such entities to have coverage. Dkt. No. 30-2 at 5; Dkt. No. 43 at 9.

AO 72A
(Rev. 8/82)

(5th Cir. 2007) (holding "you" and "your" to unambiguously refer only to named insured, given policy akin to that here); Nationwide Mut. Ins. Co. v. Architectural Glazing Sys., Inc., No. 1:13-CV-01069, 2015 WL 11438555, at *4 & n.6, *11-12 (N.D. Ga. Aug. 25, 2015) (same); Couch on Insurance (3d ed.) §§ 40:26-27 ("[C]overage for an additional insured is typically limited to liability arising out of the named insured's work or operations. Thus, additional insured status does not provide coverage to an additional insured for the additional insured's own work or operations. * * * '[Y]ou' and 'your' . . . are typically defined as referring to the named insured . . . . Accordingly, 'you' and 'your' do not encompass . . . an additional insured . . . ." (footnote omitted)); cf. Wilkerson, 549 S.E.2d at 742 ("Although Eric may be insured because he is an authorized driver of the insured vehicle, he is not the named insured. There is no ambiguity.").

Cases holding otherwise are distinguishable or unconvincing. Marathon Ashland Pipe Line LLC v. Maryland Casualty Co., 243 F.3d 1232, 1241 (10th Cir. 2001), distinguished itself from precedent favorable to EMC here because the policy at issue defined "you" and "your" as including both named insureds and "any other person or organization qualifying as" such. Id. at 1241-42 (distinguishing Page v. Mountain W. Farm Bureau Mut. Ins. Co.,

AO 72A
(Rev. 8/82)

2 P.3d 506 (Wyo. 2000)); accord Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co., 126 F.3d 886, 892 (7th Cir. 1997); but see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 234 F. App'x at 192-94 & n.2 ("tak[ing] as a given that" "you" and "your" referred only to named insured, given Marathon Ashland-style definition); Alexander v. Nat'l Fire Ins. of Hartford, 454 F.3d 214, 226-27 & n.9 (3d Cir. 2006) (same). By contrast, the Policy here restricts the definition of "you" and "your" to only "the Named Insured." Dkt. No. 1-1 at 36; see also Associated Elec. & Gas Ins. Serv. Ltd. v. Am. Int'l Grp., Inc., 166 F. Supp. 3d 1248, 1254 (D. Utah 2015) (distinguishing Marathon Ashland because policy at issue "clearly define[d] the terms 'you' and 'your'" as "refer[ring] to a named insured.").

Marathon Ashland is further distinguishable because the endorsement there did not "relegate [additional insureds] to a lesser status." 243 F.3d at 1241. The one here cabins their coverage to Sidhi's wrongdoing. Dkt. No. 1-5 at 2; see also First Mercury Ins. Co. v. Cincinnati Ins. Co., No. 1:14-CV-01052, 2016 WL 7494286, at *7 (D.N.M. Sept. 27, 2016), appeal filed Jan. 19 & Feb. 2, 2017 (distinguishing Marathon Ashland where endorsement "specifie[d] *whose* acts or omissions are covered."); United Fire & Cas. Co. v. Boulder Plaza Residential, LLC, No. 06-CV-00037, 2010 WL 420046, at *9 (D.

Colo. Feb. 1, 2010), aff'd, 633 F.3d 951 (10th Cir. 2011) (same); cf. First Mercury Ins. Co. v. Shawmut Woodworking & Supply, Inc., 48 F. Supp. 3d 158, 173-75 (D. Conn. 2014) (discussing recent trend of narrowing coverage to those injuries proximately caused by named insured).

As for Wyner v. North American Specialty Insurance Co., 78 F.3d 752 (1st Cir. 1996), a later panel of the First Circuit—including Wyner's author, Judge Torruella—observed that "[t]he mainstream of opinions . . . has held 'you' to be unambiguous and to refer solely to the individual or organization identified as the 'Named Insured.'" Wright-Ryan Constr., Inc. v. AIG Ins. Co. of Can., 647 F.3d 411, 417-18 (1st Cir. 2011). This Court prefers to swim that mainstream over Wyner's non-binding eddy. The Court similarly disregards Greene v. General Casualty Co. of Wisconsin, 576 N.W.2d 56 (Wisc. Ct. App. 1997). The Policy's "you's" and "your's" unambiguously refer only to Sidhi, so coverage does not extend to any sole wrongdoing by Shivam.

### B. Coverage Unambiguously Does Not Extend to All Liability Relating to Sidhi's Premises.

Thrift also claims that there is ambiguity as to whether Shivam is covered for all injuries relating to Sidhi's property. Dkt. Nos. 30-2 at 10-11, 43 at 13-14. This is not so. The endorsement is unambiguous once logic and grammar are

taken into account. O.C.G.A. §§ 13-2-2(6) ("The rules of grammatical construction usually govern . . . ."), 13-2-3 ("The cardinal rule of construction is to ascertain the intention of the parties."). It reads:

> Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations or in connection with your premises owned by or rented to you.

Dkt. No. 1-5 at 2.

The Court sees four possible ways of relating the clauses, as illustrated using the bolded marks below, but only the first is logically and grammatically sound:

1. Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions **[(A)]** in the performance of your ongoing operations or **[(B)]** in connection with your premises owned by you.

This construction is unambiguously correct, as it is both in keeping with what could logically be the intention of Sidhi, Shivam, and EMC and grammatically permissible.

2. Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for injury **[(A)]** caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations or **[(B)]** in connection with your premises owned by or rented to you.

AO 72A
(Rev. 8/82)

This construction leaves clause (B) without a corresponding verb. What could count as an "injury in connection with your premises"? The Court has no way of telling. Given that insurance is not meant to insure against any and every occurrence in our interconnected world, this construction must be ruled out. See <u>Shawmut Woodworking & Supply, Inc.</u>, 48 F. Supp. 3d at 174 (noting, in context of insurance policies, that "[p]hilosophically, cause in fact is limitless; 'but for' the creation of this world, no crime or injury would ever have occurred. . . . Therefore, as a practical matter, limits must be established. Lines must be drawn determining how far down the causal continuum individuals will be held liable . . . ." (citations omitted)).

3. Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for injury caused, in whole or in part, **[(A)]** by your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations or **[(B)]** in connection with your premises owned by or rented to you.

This leaves clause (B) without any subject. Causation is there, but not allocation of responsibility. What could "caused in connection with your premises" mean without a causer? Nothing of legal significance. See <u>Palsgraf v. Long Island R. Co.</u>, 162 N.E. 99, 101 (N.Y. 1928) (per Cardozo, C.J.) ("The question of liability is always anterior to the

question of the measure of the consequences that go with [it]."). This construction must also be rejected.

4. Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for injury caused, in whole or in part, by **[(A)]** your acts or omissions or **[(B)]** the acts or omissions of those acting on your behalf in the performance of your ongoing operations or in connection with your premises owned by or rented to you.

This final construction cannot be adopted, either. Neither party urges it. Nor is there any apparent reason why Sidhi, Shivam, and EMC would have intended for references to operations and premises to relate only to Sidhi's collaborators and not to Sidhi itself.

With only one construction of the endorsement satisfying both logic and grammar, it is the endorsement's unambiguous meaning. The endorsement unambiguously does not extend coverage to all liability pertaining to Sidhi's premises. The Policy's coverage, then, unambiguously does not reach to whatever liability Shivam may have to Thrift.

## II. LOVETT CANNOT BE USED TO ESTOP EMC.

Thrift also goes beyond the Policy's four corners, raising an estoppel argument based on representations by Lovett. Dkt. No. 30-2 at 11-13; Dkt. No. 51 at 7-8.[3] This is

---

[3] Thrift also mentions constructive fraud. Dkt. No. 43 at 15. She does not support this or raise it in her answer. See generally id.; Dkt. Nos. 5, 50. As "[i]t is not this Court's role to piece together a party's argument from . . . various fragments"—much less a single one—

improper. Although an insurer can be estopped as to the *existence* of an insurance contract, Georgia law bars estoppel as to an unambiguous policy's *meaning*. Sumitomo Marine & Fire Ins. Co. of Am. v. S. Guar. Ins. Co. of Ga., 337 F. Supp. 2d 1339, 1349-50 (N.D. Ga. 2004); Home Mater., Inc. v. Auto Owners Ins. Co., 300 S.E.2d 139 (Ga. 1983); Sapp v. State Farm Fire & Cas. Co., 486 S.E.2d 71, 76 (Ga. Ct. App. 1997) ("[A]ny assertions by [the dual agent] that the policy gave defendants . . . full coverage . . . would not extend additional coverage . . . beyond what was given by the clear, plain, and unambiguous wording of the policy."); Lumber Transp., Inc. v. Int'l Indem. Co., 417 S.E.2d 365, 367 (Ga. Ct. App. 1992) ("The coverage of a policy cannot be extended by . . . estoppel."). Thrift's argument fails.

## CONCLUSION

The Policy only covers Sidhi's wrongdoing, not Shivam's or all liability relating to Sidhi's premises—even if Lovett said something to the contrary. EMC's motion for summary judgment, dkt. no. 36, is **GRANTED**, while Thrift's, dkt. no. 30, is **DENIED**.

---

nothing more will be said as to this. Hayes v. Lowe's Home Improvement, LLC, No. CV414-005, 2016 WL 5660340, at *1 (S.D. Ga. Sept. 28, 2016).

**SO ORDERED**, this 16th day of May, 2017.

_____
LISA GODBEY WOOD, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)